Eugene BEAUREGARD; et al.,
Plaintiffs–Appellants,

v.

LEWIS COUNTY, WA; et al.,
Defendants–Appellees.

No. 06–35878.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2009.

Filed May 7, 2009.

---

Travis A. Exstrom, Perkins Coie LLP, Seattle, WA, for Plaintiffs–Appellants.

Liam Michael Golden, Deputy Prosecuting Attorney, Chehalis, WA, John E. Justice, Law Lyman Daniel Kamerrer, et al., Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER and THOMAS, Circuit Judges, and CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, United States District Judge, Northern District of Illi-nois, sitting by designation.

MEMORANDUM **

Eugene and Susan Beauregard ("the Beauregards") appeal the district court's order granting summary judgment in favor of Appellees Lewis County; Lewis County Sheriff's Office; Lewis County Sheriff; Lewis County Board of Commissioners; Lewis County Commissioners for Districts One, Two and Three; Lewis County Assessor; Robert Johnson, Director of Lewis County Community Development; and Fred Chapman, Lewis County Building Official (referred to collectively as "Appellees"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a district court's grant of summary judgment de novo. *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir.2009). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). "When determining whether a genuine issue of material fact remains for trial, we must view the evidence and all inferences therefrom in the light most favorable to the non-moving party and may not weigh the evidence or make credibility determinations." *Id.* at 1117–18 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). We also review a district court's interpretation of state law de novo. *Id.* at 1118.

█ The district court did not err in granting the Appellees' motion for summary judgment as to the Beauregards' claims under the Commerce Clause, the

Thirteenth Amendment, and the Fourteenth Amendment, because these claims were barred as a matter of law. *See Wash. v. U.S. Tennis Ass'n, Inc.*, 290 F.Supp.2d 323, 329 (E.D.N.Y.2003) (Commerce Clause "does not furnish an independent remedy for alleged discrimination"); *Westray v. Porthole, Inc.*, 586 F.Supp. 834, 838–39 (D.Md.1984) (Thirteenth Amendment does not give rise to an independent cause of action); *Magana v. Commw. of the N. Mariana Islands*, 107 F.3d 1436, 1443 (9th Cir.1997) (Fourteenth Amendment does not give rise to direct claim for money damages).

█ Nor did the district court err in granting summary judgment as to the Beauregards' statutory claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Each such claim either was time-barred or failed to show a genuine issue of material fact. Neither party disputes the applicability here of Washington's three-year statute of limitations for personal injury claims. *See* Wash Rev.Code. 4.16.080(2). Therefore, because the Beauregards filed their complaint on November 14, 2005, they are limited to claims related to acts that occurred after November of 2002. Because the Beauregards' claims are based on discrete acts by Lewis County officials, the continuing violations exception does not apply. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir.2002).

The only acts at issue that occurred after November of 2002 were the Lewis County Sheriff's involvement in the Beauregards' property dispute with their neighbor and the Department of Public Works' denial of their road permit applica-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion. The Beauregards claim that these acts violated their rights under the Fourteenth Amendment. We affirm the district court's conclusion that the Beauregards failed to show a genuine issue of material fact with respect to either claim.

■ A claim for violation of the Fourteenth Amendment must proceed under 42 U.S.C. § 1983. *See Magana,* 107 F.3d at 1443. In order to state a § 1983 claim against a government entity, a plaintiff must show that the government's employees acted under an official custom, policy, or practice that violates or permits deliberate indifference to the plaintiff's civil rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A plaintiff must also show that "the defendants acted in a discriminatory manner and that the discrimination was intentional." *See Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736, 740 (9th Cir. 2000).

The district court correctly concluded that the Beauregards did not present sufficient evidence showing that a county policy or custom caused their claimed injuries, or that any of the acts complained of were motivated by intentional discrimination. The Beauregards rely on alleged statements by county employees that Lewis County has a predominately white population and that county employees therefore hold stereotypes of minority individuals. However, even assuming such statements were indeed made, this is not sufficient to demonstrate that the Lewis County Sheriff's Office or Department of Public Works maintained a discriminatory custom or policy, or that its employees intentionally discriminated against the Beauregards. Therefore, summary judgment was appropriate.

With regard to the Beauregards' claim that Lewis County's denial of their application for a road expansion permit constitut-ed tortious interference with a contractual relationship or business expectancy, the district court erred in holding the claim was time-barred, because the claim was based on a letter of denial dated November 3, 2005. *See* Wash. Rev.Code 4.16.080(2).

■ However, the district court also noted that the Beauregards failed to establish the required elements to make out a prima facie tortious interference claim. We agree. Washington law requires a party claiming tortious interference with a contractual relationship or business expectancy to prove five elements:

1. The existence of a valid contractual relationship or business expectancy;

2. That defendants had knowledge of that relationship;

3. An intentional interference inducing or causing a breach or termination of the relationship or expectancy;

4. That defendants interfered for an improper purpose or used improper means; and

5. Resultant damages.

*Pac. Nw. Shooting Park Ass'n v. City of Sequim,* 158 Wash.2d 342, 144 P.3d 276, 280 (2006). However, the Beauregards did not tender sufficient evidence to create a genuine issue of material fact as to whether Lewis County had knowledge of any valid business expectancy, or that Lewis County interfered with that expectancy for an improper purpose or using improper means. Because failure to show any one element is fatal to the entire claim, we need not address whether the other elements were met.

■ Finally, we decline to address the Beauregards' claim, raised for the first time on appeal, that the Appellees violated their rights under the Takings Clause of the Fifth Amendment to the United States

Constitution. *See Comedy Club, Inc. v. Improv W. Assocs.,* 553 F.3d 1277, 1286 n. 11 (9th Cir.2009). However, the Beauregards are not precluded from raising this claim in another forum if they so choose.

Our decision can decide only the legal issues before us. To the extent that the Beauregards and the County have remaining issues, we urge the parties to confer and determine whether any remaining matters can be settled amicably.

The panel expresses its appreciation to Travis Exstrom, of the law firm of Perkins Coie, LLP, for representing the Beauregards pro bono on appeal and presenting their case very effectively.

**AFFIRMED.**